IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| JAMES E. GRANBERRY,<br>Register No. 20669, | )<br>)<br>) | |
| Plaintiff, | )<br>) | |
| v. | )<br>) | No. 05-4218-CV-C-SOW |
| BERNARD P. PLOCH, et al., | )<br>) | |
| Defendants. | ) | |

## REPORT, RECOMMENDATION AND ORDER

Plaintiff, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Plaintiff seeks monetary, declaratory and injunctive relief, pursuant to 42 U.S.C. § 1983. Named defendants are Bernard P. Ploch, Denis Agniel, Vicki Meyers, Fannie Gaw, Paul Herman, Sally Halford, Tom Clements, Janet Barton, Linda M. Welch, Patricia Churchill, Sonya Fiaella, Donna Coleman, Vicki Meyers, Ansel Card, Wayne Crump, Robert Robinson, Penny Hubbard, and Joel Jeffries.

Plaintiff alleges defendants violated his constitutional rights when they extradited him in 1997 from Minnesota Department of Corrections on a parole revocation warrant in that plaintiff alleges he was denied a timely revocation hearing. Plaintiff further alleges that since being returned to Missouri Department of Corrections (MDOC), the 1994 Missouri Truth-in-Sentencing Act (Mo. Rev. Stat. § 558.019 (1994)) has been retroactively applied in determining his parole eligibility, resulting in his denial of parole. Plaintiff alleges that when sentenced in 1974, he was given a sentence of life under Mo. Rev. Stat. § 549.261 (1969), which made him eligible for parole. Plaintiff alleges that the parole board's application of section 558.019 to his sentence has resulted in his sentence being converted to life without parole. Finally, plaintiff alleges that retroactive application of section 558.019 has resulted in his being denied annual

parole consideration hearings. Plaintiff seeks to have the application of section 558.019 to his parole eligibility declared unconstitutional and seeks immediate release from his illegal restraint at MDOC.

Plaintiff has requested leave to proceed without prepaying the filing fee and costs. 28 U.S.C. § 1915(a). Having reviewed plaintiff's inmate account information, the court will grant him provisional leave to proceed in forma pauperis. However, pursuant to the Prison Litigation Reform Act, the court is required to screen prisoner cases and must dismiss a complaint, or any portion of the complaint, if satisfied that the action is frivolous, malicious, or fails to state a claim under which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2). Additionally, under section 1915(g), if a prisoner, while incarcerated, has had three cases dismissed on any of these grounds, the court must deny leave to proceed under section 1915(a). The only exception to the successive petition clause is when the prisoner faces "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Upon review of plaintiff's claims, pursuant to 28 U.S.C. § 1915, the court finds that although plaintiff is being granted provisional leave to proceed in forma pauperis based upon his indigent status, his claims should be dismissed for failure to state a claim on which relief can be granted under 42 U.S.C. § 1983.

Plaintiff's claims challenging his extradition from Minnesota state prisons to MDOC on a parole revocation warrant, and claims challenging his denial of parole and the alleged ex post facto application of section 558.019 by the parole board, are collateral challenges to plaintiff's continued confinement and, thus, must be brought via a writ of habeas corpus. Although *Wilkinson v. Dotson*, ___ U.S. ___, 125 S. Ct. 1242 (2005), recently held that a 42 U.S.C. § 1983 claim is available for procedural challenges to parole proceedings where success would not necessarily spell immediate or speedier release, such exception is not applicable to plaintiff's claims because plaintiff's challenge to his denial of parole is not merely procedural. Plaintiff is challenging the substantive law applied at his parole proceedings and is not just requesting a new parole hearing; rather, he is requesting a new parole hearing with specific substantive law (the Missouri parole statutes that were in effect at the time plaintiff was sentenced) to be applied. Application of the substantive law that plaintiff suggests could necessarily make him eligible for

2

immediate release; thus, such claims must be brought via a writ for habeas corpus. *See, e.g., McCall v. Delo*, 41 F.3d 1219 (8th Cir. 1994) (writ of habeas corpus filed alleging that parole board's application of the current Missouri parole statute rather than the Missouri parole statute in effect at time of prisoner's conviction and sentencing violated the Ex Post Facto Clause).[1] A prisoner cannot use a 42 U.S.C. § 1983 claim to challenge the fact or duration of his confinement. *Wilkinson*, 125 S. Ct. at 1245 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). *See also Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *Wolff v. McDonnell*, 418 U.S. 539, 554 (1974). When a prisoner seeks damages for an illegal conviction, imprisonment, or other act that would "necessarily" render his conviction or sentence invalid, the prisoner must first prove the conviction or sentence has been invalidated through appropriate channels. *Heck*, 512 U.S. at 486-87. Plaintiff's first cause of action is not ripe until his underlying conviction or sentence has been set aside. To challenge his state conviction or sentence in federal court, plaintiff must petition for a writ of habeas corpus. *Preiser*, 411 U.S. at 501. Before seeking federal habeas relief, plaintiff must exhaust all adequate and available state court remedies. 28 U.S.C. § 2254(b)(c); *Rose v. Lundy*, 455 U.S. 509, 520 (1982); *Powell v. Wyrick*, 657 F.2d 222 (8th Cir. 1981). The state courts must have an opportunity to review the merits of plaintiff's contentions and must be given primary responsibility in their own criminal cases. *Fay v. Noia*, 372 U.S. 391 (1963); *Tyler v. Swenson*, 527 F.2d 877 (8th Cir. 1976).

Thus, plaintiff's claims should be dismissed, without prejudice. *Schafer v. Moore*, 46 F.3d 43 (8th Cir. 1995). If plaintiff is able to invalidate his conviction or sentence, he may refile his section 1983 claims at that time.

In light of this court's recommendation of dismissal, plaintiff's motions for preliminary injunctive relief and appointment of counsel should also be denied.

IT IS, THEREFORE, ORDERED that plaintiff's motion for appointment of counsel is denied, without prejudice [4]. It is further

---

[1] Missouri cases have recognized that application of section 558.019 to offenses which occurred before its effective date may violate the Ex Post Facto Clause. See, e.g., State v. Jordan, 778 S.W.2d 283 (Mo. App. E.D. 1989); State v. Martin, 775 S.W.2d 196 (Mo. App. E.D. 1989).

3

ORDERED that plaintiff is granted provisional leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915, on the basis of indigence. It is further

RECOMMENDED that plaintiff's claims be dismissed, without prejudice, for failure to state a claim under 42 U.S.C. § 1983. It is further

RECOMMENDED that plaintiff's motions for injunctive relief be denied [3].

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. If additional time is needed, a motion for an extension of time must be filed within twenty days. The motion should state the reasons for the request. *See Nash v. Black*, 781 F.2d 665, 667 (8th Cir. 1986) (citing *Thomas v. Arn*, 474 U.S. 140 (1985)); *Messimer v. Lockhart*, 702 F.2d 729 (8th Cir. 1983). Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.

As previously stated, the court has granted plaintiff leave to proceed in forma pauperis on a provisional basis. By doing so, the court has foregone collection of the $250.00 filing fee established for civil cases. Plaintiff is now warned that the court will attempt collection of the entire $250.00 filing fee if plaintiff files another pleading of any type whatsoever in this case. *See* 28 U.S.C. § 1915(b)(2) (provisions for deducting money from prisoner's account). Under section 1915(b), installment payments are permitted after the assessment and payment of an initial partial filing fee.

Dated this 18th day of August, 2005, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge