# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

JAMES E. GRANBERRY,  )
Register No. 20669,  )
　　　　　　　　　　　)
　　　　　　Plaintiff,  )
　　　　　　　　　　　)
　　v.  )　No. 05-4218-CV-C-SOW
　　　　　　　　　　　)
BERNARD P. PLOCH, et al.,  )
　　　　　　　　　　　)
　　　　　　Defendants.  )

## ORDER

On August 18, 2005, the United States Magistrate Judge recommended dismissing plaintiff's claims. The parties were advised they could file written exceptions to the recommendation, pursuant to 28 U.S.C. § 636(b)(1)(C).

The court has conducted a de novo review of the record, including the exceptions filed by plaintiff on September 8, 2005. The issues raised in plaintiff's exceptions were adequately addressed in the report and recommendation. The court is persuaded that the recommendation of the Magistrate Judge is correct and should be adopted.

Plaintiff's claim challenging the issuance of a parole revocation warrant; the alleged denial of a timely parole revocation hearing; and his extradition from Minnesota by the State of Missouri on the parole revocation warrant are direct challenges to his confinement by the State of Missouri and must be brought via a petition for writ of habeas corpus. A prisoner cannot use 42 U.S.C. § 1983 to challenge the fact or duration of his confinement. Wilkinson v. Dotson, 544 U.S. 74, ___, 125 S. Ct. 1242, 1245-47 (2005) (citing Preiser v. Rodriguez, 411 U.S. 475, 489 (1973)). See also Edwards v. Balisok, 520 U.S. 641, 648 (1997); Heck v. Humphrey, 512 U.S. 477, 481 (1994); Wolff v. McDonnell, 418 U.S. 539, 554 (1974). When a prisoner seeks damages for an illegal conviction, imprisonment, or other act that would "necessarily" render his conviction or sentence invalid, the prisoner must first prove the conviction or sentence has been invalidated through the appropriate channels. Heck, 512 U.S. at 486-87.

In the instant case, if plaintiff obtains a favorable decision, it would necessarily call into question the validity of his revocation and recommitment to Missouri Department of Corrections. Therefore, because plaintiff has not demonstrated that his revocation and recommitment have been invalidated, he cannot recover damages for the actions of those alleged to have brought about the revocation and recommitment. See Ladd v. Mitchell, 92 F.3d 1189 (8th Cir. 1996) (unpublished) (Kansas inmate's challenge to his 1993 return to Missouri on a 1986 parole violation warrant alleging denial of a timely revocation hearing on the 1986 warrant did not state a claim actionable under 42 U.S.C. § 1983 in light of Heck v. Humphrey, 512 U.S. 477 (1997)).

Plaintiff's first cause of action is not ripe until his underlying conviction or sentence has been set aside. To challenge his state conviction or sentence in federal court, plaintiff must petition for a writ of habeas corpus. Preiser, 411 U.S. at 501. Before seeking federal habeas relief, plaintiff must exhaust all adequate and available state court remedies. 28 U.S.C. § 2254(b); Rose v. Lundy, 455 U.S. 509, 520 (1982); Powell v. Wyrick, 657 F.2d 222 (8th Cir. 1981). The state courts must have an opportunity to review the merits of plaintiff's contentions and must be given primary responsibility in their own criminal cases. Fay v. Noia, 372 U.S. 391 (1963); Tyler v. Swenson, 527 F.2d 877 (8th Cir. 1976). Plaintiff's claims challenging his revocation of parole, denial of a timely parole revocation hearing, and extradition to Missouri on the parole revocation warrant are dismissed, without prejudice. See Schafer v. Moore, 46 F.3d 43 (8th Cir. 1995). If plaintiff is able to invalidate his revocation and recommitment, he may refile his section 1983 claims at that time.

Plaintiff's claims challenging alleged ex post facto application of the new Missouri parole statute to his parole hearings are duplicative of those claims in Granberry v. Agniel, No. 05-4219 (W.D. Mo. filed July 5, 2005), on which plaintiff has been granted leave to proceed. Accordingly, such claims are dismissed in this case, without prejudice.

Inmates who file an appeal with the United States Court of Appeals for the Eighth Circuit are required to pay the full $255.00 appellate filing fee, regardless of the outcome of the appeal. *Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997). The filing of a notice of appeal is considered a consent by the inmate to allow prison officials to deduct an initial partial appellate filing fee and later installments from the prisoner's account.

IT IS, THEREFORE, ORDERED that the August 18, 2005, report and recommendation is adopted [9]. It is further

ORDERED that plaintiff's claims are dismissed, without prejudice, for failure to state a claim under 42 U.S.C. § 1983. It is further

ORDERED that plaintiff's motions for injunctive relief be denied [3].

/s/Scott O. Wright
SCOTT O. WRIGHT
Senior United States District Judge

Dated: 2-14-06